**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| MEIXING REN, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 1:13-cv-1110-CKK |
| | ) | |
| v. | ) | ECF Case |
| | ) | |
| PHOENIX SATELLITE TELEVISION (US), INC. | ) | |
| | ) | |
| Defendant. | ) | |

_____)

**<u>JOINT MEET AND CONFER REPORT</u>**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 16.3 of the Rules of

the U.S. District Court for the District of Columbia, Plaintiffs Meixing Ren, Ching-Yi Chang,

Taofeng Wang, Haipei Shue, and Fangyuan Liu ("Plaintiffs"), and Defendant Phoenix Satellite

Television (US), Inc. ("Defendant") (collectively "Parties"), through undersigned counsel,

hereby jointly file the instant report.

**(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if**

**a dispositive motion has already been filed, the parties should recommend to the**

**court that discovery or other matters should await a decision on the motion.**

Plaintiffs do not believe that this case is likely to be disposed of by summary judgment or

dispositive motion.  Defendant intends to file a motion for summary judgment.

The parties agree that discovery shall be completed prior to the filing of any dispositive

motion.

**(2)      The Date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties agree that any additional parties shall be joined by March 17, 2014.

Plaintiffs anticipate adding one or more plaintiffs to the above captioned case. The Plaintiff in *Wang v. Phoenix Satellite Television (US) Inc.*, Civil No. 1:13-cv-00218-PKC, an action pending in the Southern District of New York, currently seeks to transfer her case to this Court and Plaintiffs will request that it be considered as a related case for the purposes of discovery. The *Wang* case involves an intern who alleges that she was denied permanent employment at Phoenix because she would not accede to the sexual demands of Mr. Liu, formerly the Editor-in-Chief of Defendant's East Coast bureaus. Plaintiffs believe the facts of that case are substantially similar to the facts alleged in the current case, and will require the same discovery. Defendant opposes the transfer because, among other things, the *Wang* case is premised almost entirely on acts that took place in New York. In addition, the case involves claims brought under New York state and city laws—laws with which Judge Castel in the Southern District of New York became familiar while reviewing the briefing and granting, in part, Defendant's motion to dismiss certain claims pursuant to Fed. R. Civ. P. 12(b)(6).

**(3)      Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not agree to assign this case to a Magistrate Judge.

**(4)      Whether there is a realistic possibility of settling the case.**

The parties have not foreclosed the possibility of settling the case prior to the substantial completion of discovery, although attempts to engage in settlement discussions in the past have not been successful.

**(5)      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:**

**(i)       the client's goals in bringing or defending the litigation;**

**(ii)      whether settlement talks have already occurred and, if so, why they did not produce an agreement;**

**(iii)     the point during litigation when ADR would be most appropriate, with special consideration given to:**

**(a)      whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**

**(b)      whether ADR should take place before or after the judicial resolution of key legal issues;**

**(iv)     whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**

**(v)      whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

Although the parties have not settled the case up to this point, the parties agree that the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some

other form of ADR).  Counsel have considered why past settlement talks have not produced an

agreement.  Counsel will discuss what might allow each party to agree to participate in mediation

with their clients and determine whether mediation is a viable possibility at this stage in the

litigation. If counsel determines it is not, Plaintiffs and Defendant may agree to participate in

mediation at a later date.

     (i)    Plaintiffs' goals in bringing this litigation are to seek redress for discriminatory

harassment and retaliation and recoup lost wages and obtain compensation for emotional health

injuries, Defendant's goal is to secure dismissal of all claims.

     (ii)    Plaintiffs sent a letter to Defendant in December 2012 setting forth their legal

claims and monetary demand and invited Defendant to engage in settlement discussions.

Defendant stated that the settlement positions of the parties were too far apart to reach an

agreement.

     (iii)   The parties would be willing to participate in the Court's ADR procedures for

purposes of settlement.

     (iv)   The parties take no position as to whether a neutral evaluation of their case by a

Magistrate Judge through an informal settlement conference will be useful.

     (v)    The parties agree that if the case is scheduled for a mediation or settlement

conference, the Court should stay discovery and other pre-trial proceedings while the ADR

process is pending.

**(6)     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiffs do not believe this case can be resolved by summary judgment, a motion to dismiss, or any other dispositive motion. Defendant's position is that some, if not all, of Plaintiffs' claims will be resolved by summary judgment after the close of discovery.  The parties agree that any dispositive motions filed shall be filed no later than December 12, 2015, oppositions filed no later than January 23, 2016, and replies filed no later than February 7, 2016.

**(7)     Whether the parties should stipulate to dispense with the initial disclosures required by FRCP Rule 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties will not dispense with the initial disclosures required by Rule 26(a)(1), and do not wish to propose changes to the scope or form of the disclosures.

The parties agree that the initial disclosures shall be due on January 17, 2014.

**(8)     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties propose that discovery in this matter be completed eighteen (18) months after discovery opens in this case, due to the number of plaintiffs, the need for extensive use of translators, and the fact that a number of important witnesses reside abroad.  The parties agree

that discovery should conform to federal and local court rules; however, due to the number of allegations in the Amended Complaint and the complexity of the issues, the parties have agreed to increase the number of permissible depositions to twenty five (25) per side and the number of interrogatory requests to forty (40) per side.

 Plaintiffs, collectively, and Defendant shall be permitted to take up to 25 depositions each, including non-party witnesses, but excluding expert depositions.  A party may request additional depositions for good cause shown, and will negotiate in good faith with the other parties regarding additional depositions.  Parties seek leave to expand time for a single deposition from seven hours to 10 hours, given the additional time involved with use of a translator.  In the event a deposition exceeds this time frame, the parties agree to work together to agree to an appropriate extension of time, which may include continuing the deposition to a different day.

The parties further seek relief from the federal and local court rules to allow 60 days to respond and object to interrogatories and document requests due to the need for translation of the requests and for purposes of review of documents that are largely written in Mandarin.  The parties agree that they will work together on any additional extensions of time required related to responses to interrogatories and document requests.

The parties agree that all discovery shall be completed by no later than July 17, 2015, except for expert depositions.  The parties have agreed that the depositions of Plaintiffs' experts shall be completed no later than August 17, 2015, and depositions of Defendant's experts shall be completed no later than September 17, 2015.

If any additional depositions or interrogatory requests are needed, the parties agree to seek leave of the Court.

**(9)      Whether the requirement of exchange of expert witness reports and information pursuant to FRCP Rule 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The parties request that the requirements of FRCP Rule 26(a)(2) be modified in the following manner:

(1)      Plaintiffs shall identify their expert witness(es) pursuant to Rule 26(a)(2), Fed. R. Civ. P., and provide to Defendant the expert witness(es)' report(s) and other disclosures by January 17, 2015.

(2)      Defendant shall identify its expert witness(es) pursuant to Rule 26(a)(2), Fed. R. Civ. P., and provide to Plaintiffs the expert witness(es)' report(s) and other disclosures by February 17, 2015.

(3)      Plaintiffs shall disclose and provide any rebuttal expert testimony pursuant to Rule 26(a)(2), Fed. R. Civ. P., by March 17, 2015.

**(10)      In class actions, appropriate procedures for dealing with FRCP Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This matter is not a class action subject to Federal Rule of Civil Procedure 23.

**(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiffs do not believe that bifurcated discovery or a bifurcated trial is appropriate, since the factual issues underlying all of the Plaintiffs' claims are intertwined and occurred over the same period of time.  The male Plaintiffs' claims of retaliation are inextricably intertwined with the female Plaintiff's claims of sex discrimination and retaliation.

Defendant intends to move to sever Plaintiff Liu's claims for trial because the male Plaintiffs' claims of retaliation, national origin discrimination, and unpaid wages are based on allegations of conduct that is different in time and type from Plaintiff Liu's claims of sexual harassment, battery, and negligent hiring and retention, and because joinder of these claims would be prejudicial.  Plaintiffs object to such a request.

**(12)    The Date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties request that a pretrial conference shall be set on or about April 18, 2016, or any other date as is convenient to the Court and the parties.

**(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties believe that a firm trial date should be set no later than the pretrial conference.

(14)    **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Plaintiffs will provide suggested e-discovery terms, including search terms, time periods, and custodians, so as to assist Defendant in e-discovery.  Plaintiffs' counsel have already started the discussion with Defendant's counsel about a protocol for searching for and producing electronic discovery, including translation needs.

Respectfully submitted and agreed to:

/s/                                                                    /s/
_____              _____
Lynne Bernabei (D.C. Bar # 938936)        M. Carter DeLorme (D.C. Bar # 452791)
Bernabei & Wachtel, PLLC                      Jones Day
1775 T Street, N.W.                                 51 Louisiana Avenue NW
Washington, D.C. 20009-7102               Washington, DC 20001
(202) 745-1942                                       (202) 879-3939
bernabei@bernabeipllc.com                   cdelorme@jonesday.com
*Counsel for Plaintiffs*                             *Counsel for Defendant*

DATED:  October 30, 2013

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Joint Meet

and Confer Report was served on the 30th day of October via electronic delivery upon the

following:


M. Carter DeLorme (D.C. Bar # 452791)
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
*Counsel for Defendant*


/s/
_____
Lynne Bernabei