IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIXING REN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 1:13-cv-1110-CKK |
| v. | ) |
| | ) ECF Case |
| PHOENIX SATELLITE | ) |
| TELEVISION (U.S.), INC., | ) |
| | ) |
| Defendant. | ) |

## ¦ STIPULATED PROTECTIVE ORDER
## REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

The parties have stipulated that certain discovery material will be treated as confidential (as defined herein). Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is hereby stipulated, agreed and ordered that:

1. <u>Introduction</u>: This Order governs the handling of all documents, deposition transcripts, deposition exhibits, interrogatory answers, responses to requests for admission and other written, recorded, graphic, or electronic matter ("Discovery Material") produced by, or obtained from, any party or non-party during the proceedings in the above-captioned litigation (including discovery, trial and any appeals therein) that are designated confidential pursuant to the terms and conditions set forth below.

2. <u>Designation of Discovery Material as Confidential</u>: For the purpose of this Order, "Confidential Information" shall mean any document or other information produced or revealed by either party in the discovery process that is designated "Confidential" and is reasonably and in

good faith considered to include personal, personnel, medical, financial, proprietary, or trade secret information.

3. <u>Procedure for Designation of Discovery Material as Confidential</u>: Either party may designate material as confidential Discovery Material by marking it "Confidential" before producing it. Confidentiality designations shall be made in good faith and consistent with Fed. R. Civ. P. 26(c). Where Discovery Material consists of multiple pages, the "Confidential" designation should be made, to the extent possible, on each page of the Discovery Material. Designations of confidentiality shall to the extent possible be made prior to or contemporaneously with the production or disclosure of the Discovery Material.

*a. Discovery Material Produced*: Discovery Material may be produced before being designated as confidential. All Discovery Material produced will be treated as if it is designated as confidential, pending designation by the producing party. Designations of produced Discovery Material as confidential must be made within ten (10) days of production.

*b. Deposition Testimony:* Deposition testimony shall be treated as confidential under this Order if the relevant portions contain confidential information as defined in paragraph two (2) and are designated as such by a party when the deposition is taken or within ten (10) business days after a party's receipt of the transcript, except that any deposition testimony that describes specifically confidential Discovery Material shall automatically be deemed confidential.

*c. Discovery Material Produced by Non-Parties*: All Discovery Material produced by a non-party pursuant to a subpoena issued in this action shall be automatically designated confidential and subject to this Order for a period of ten (10) business days following the

receipt or inspection of such material by any party to this action and pending review and designation of the materials as confidential. To the extent any party believes that non-party Discovery Material should remain confidential, it shall notify the other parties within ten (10) days and negotiate in good faith with the other parties as to whether to designate the Discovery Material as confidential. If the parties cannot resolve a dispute over whether to designate non-party Discovery Material as confidential, the parties will seek resolution of the dispute with the Court. While any dispute is pending, the Discovery Material at issue shall be treated by all parties as confidential.

*d. Copies:* All copies, duplicates, summaries, or descriptions (hereinafter referred to collectively as "copies") of confidential Discovery Material, or any portion thereof, under this Order shall immediately be marked "Confidential" if that word does not already appear on it.

4.  Procedure for Challenging Designation: Any party receiving any Discovery Material designated confidential pursuant to this Order may object in writing to such designation within a reasonable time after receiving it. The parties agree to make a good faith effort to resolve any disputes concerning the confidential designation and treatment of any Discovery Material before seeking relief from the Court. If the parties cannot, in good faith, resolve the dispute concerning the confidential designation, the party designating the Discovery Material as confidential may thereafter seek resolution from the Court in a timely manner. The burden of proving the confidentiality of the Discovery Material remains with the party asserting confidentiality. While any dispute is pending, all persons receiving the designated Discovery Material shall treat it as confidential in accordance with this Order.

5. <u>Inadvertent Non-Designation/Disclosure</u>: Inadvertent failure to designate Discovery Material as confidential shall not be deemed, by itself, a waiver of the right to do so and may be remedied by supplemental written notice. If written notice is received no later than five (5) business days after learning of the inadvertent disclosure, the Discovery Material shall be treated as if it had initially been designated as confidential. Thereafter, the producing party may move the Court for an order retroactively designating the documents as confidential, and said documents shall in all respects be treated as confidential under the terms of this Order upon a successful showing by the producing party that it would be reasonable to enter an order requiring that such documents be retroactively designated as confidential.

6. <u>Scope of Use of Confidential Discovery Material</u>: Confidential Discovery Materials under the Order shall not be used or disclosed by the parties, counsel for the parties, or any persons identified in paragraph seven (7) below for any purposes whatsoever other than preparing for and conducting this action, including any appeals.

7. <u>Permitted Disclosure</u>: The parties and counsel for the parties shall not disclose or permit the disclosure of any confidential Discovery Material under this Order to any other person or entity except as follows:

   a. *The Court*: Disclosure may be made to the Court or members of its staff. However, confidential Discovery Material must be filed under seal or pursuant to such other procedures ordered by the Court. The filing party is responsible for moving the Court for appropriate protections under LCvR 5.1(j).

   b. *Counsel and Parties*: Disclosure may be made to the parties and counsel of record in this case and their legal staffs as reasonably necessary for the preparation and trial of this action, including any appeals.

c. *Court Reporters and Litigation Support Services*: Disclosure may be made to court reporters and videographers rendering services for depositions or the trial in this action. Disclosure also may be made to those persons, if any, specifically engaged for the limited purpose of providing litigation support services, such as making photocopies of documents, in connection with this action, including any appeals.

d. *Data Processing and Translation Services:* Disclosure may be made to document storage, data processing, translation services, document review, graphic production, jury research or trial preparation services employed by the parties or their counsel to assist in this action.

e. *Experts or Consultants*: Disclosure may be made to experts or consultants retained by counsel for the preparation and trial of this action.

f. *Deponents and Witnesses*: Disclosure may be made to any actual or proposed deponents or witnesses, provided the Discovery Material is reasonably necessary to question or prepare the deponent or witness to testify, or if that person has already authored or received the Discovery Material outside of this litigation. The use of confidential information at trial is governed by Paragraph 9 of this Order.

g. *Signing Confidentiality Agreement*: If confidential Discovery Material is disclosed to someone authorized to receive it under Paragraph 7(f) above, who has not already authored or received the Discovery Material outside of this litigation, the counsel making the disclosure must show a copy of this Order to that individual and they must agree to be bound by its terms prior to disclosure. An individual shall not keep possession of the confidential Discovery Material unless he or she signs a written agreement to comply with the terms of the Protective Order.

8. <u>Security of Confidential Information</u>: All persons who receive any confidential Discovery Material under this Order shall keep all such material within their possession and shall take reasonable efforts to place such material in a secure area.

9. <u>Use of Confidential Information in Public Proceedings</u>: Unless otherwise ordered by the Court, the procedures set forth herein shall have no application to proceedings in open court. Any party that reasonably believes it will disclose Confidential Information in any public proceeding before the Court shall make its best efforts to inform the Court and the producing party at least five (5) business days in advance of actual disclosure but in any event with advance notice sufficient to allow the producing party to raise the issue with the Court, so that the Court can decide what precautions are necessary to protect the producing party's Confidential Information, including specifying how exhibits containing such information shall be filed to maintain their confidentiality, whether and how exhibits containing such information may be shown to witnesses or otherwise used in open court, and whether persons not identified in Paragraph 7, as appropriate, shall be excluded from specific portions of the proceedings.

10. <u>Privileges</u>: Nothing contained in this Order is intended to interfere with assertions of attorney-client and other applicable privileges, nor will this Order affect the operation of those privileges in any way. By signing this agreement, no party waives its rights or obligations under any applicable rule or statute.

11. <u>Modification of Order</u>: Nothing contained in this Order shall preclude the parties from stipulating in writing to waive, modify, or change the provisions of this Order, subject to Court approval.

12. <u>Return or Destruction of Confidential Information</u>: Within one hundred twenty (120) days after the conclusion of this action, including any appeals, the parties shall undertake

reasonable and prudent efforts to return all confidential Discovery Material to the producing party or certify in writing to the producing party that all such materials have been destroyed. Notwithstanding the foregoing, counsel of record for the parties shall be entitled to retain court papers, depositions and hearing transcripts, and attorney work product, provided that such counsel of record and their employees shall not disclose such court papers, transcripts, or attorney work product to any person or entity except pursuant to court order or written agreement with the designating party.

13. <u>Without Prejudice Rule</u>: Compliance with the terms of this order shall not:

   a. operate as an admission by any party that any particular Discovery Material contains trade secrets, proprietary, sensitive, or otherwise confidential information;

   b. prejudice in any way the rights of any party to apply to the Court for an Order that Discovery Material designated confidential need not be treated as such;

   c. prejudice in any way the rights of any producing party to object to the production on normal discovery grounds;

   d. prejudice in any way the rights of any party to seek a determination of the Court that particular materials should be produced or not produced; or

   e. prejudice in any way the rights of a party to seek modifications, amendments, or revisions to any provision of this Order.

14. <u>Binding After Termination</u>: After termination of this action, including any appeals, this Order shall continue to be binding upon the parties and all persons to whom confidential Discovery Material has been disclosed and communicated. Moreover, this Court shall retain jurisdiction over such parties and persons to enforce the provisions of this Order.

So ordered, this 9th day of January, 2014.

_____
Colleen Kollar-Kotelly
United States District Judge

Agreed as to form and substance:

/s/ Lynne Bernabei
Lynne Bernabei (D.C. Bar # 938936)
Bernabei & Wachtel, PLLC
1775 T Street, NW
Washington, D.C. 20009-7102
(202) 745-1942
bernabei@bernabeipllc.com
*Counsel for Plaintiffs*

/s/ M. Carter DeLorme
M. Carter DeLorme (D.C. Bar # 452791)
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
(202) 879-3939
cdelorme@jonesday.com
*Counsel for Defendant*